Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

EDUARDO MARES and JOSEFINA VARGAS
*individually and on behalf of others similarly situated,*

               *Plaintiffs,*

        -against-

HATTAN CLEANERS INC. (d/b/a HATTAN
CLEANERS), DAL CHON KIM and AILIAN WU

               *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Eduardo Mares and Josefina Vargas, individually and on behalf of others

similarly situated ("Plaintiffs"), by and through their attorneys, Michael Faillace & Associates,

P.C., allege upon information and belief, and as against each of Defendants Hattan Cleaners Inc.

(d/b/a/ "Hattan Cleaners") ("Defendant Corporation") Dal Chon Kim and Ailian Wu

(collectively, "Defendants"), as follows:

## NATURE OF ACTION

1.      Plaintiffs are present and former employees of Defendants Hattan Cleaners Inc. (d/b/a/ Hattan Cleaners), Dal Chon Kim and Ailian Wu.

2.      Hattan Cleaners is a full service dry cleaner/laundromat owned by Dal Chon Kim and Ailian Wu, located at 141 3rd Avenue, New York, NY 10003.

3.      Upon information and belief, Defendants Dal Chon Kim and Ailian Wu serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the full service dry cleaner/Laundromat as a joint or unified enterprise.

4.      Plaintiffs are present and former employees of Defendants.

5.      Plaintiffs have worked long days in a full service dry cleaner/laundromat located at 141 3rd Avenue, New York, NY 10003.

6.       Plaintiffs have performed the duties of ironing and packing clothes, organizing and ticketing clothes, putting together delivery boxes and picking-up and delivering clothes.

7.      Plaintiffs regularly have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that they have worked.

8.      Rather, Defendants have failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

9.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

10.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

11.     At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

3

15.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs have been employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

16.     Plaintiff Eduardo Mares ("Plaintiff Mares" or "Mr. Mares") is an adult individual residing in New York County, New York. Plaintiff Mares was employed by Defendants from approximately 2001 until on or about July 18, 2015. At all relevant times to this complaint, Plaintiff Mares was employed by Defendants to iron clothes.

17.     Plaintiff Josefina Vargas ("Plaintiff Vargas" or "Ms. Vargas") is an adult individual residing in Kings County, New York. Plaintiff Vargas has been employed by Defendants from approximately 2007 until the present date.  At all relevant times to this complaint, Plaintiff Vargas has been employed by Defendants to do packing, picking-up and delivering clothes.

18.     Plaintiffs consent to being  representative parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).


### *Defendants*

19.     Defendants own, operate and/or control a full service dry cleaner/laundromat at 141 3rd Avenue, New York, NY 10003.

20.     Upon information and belief, Defendant Hattan Cleaners Inc. (d/b/a "Hattan Cleaners" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 141 3rd Avenue, New York, New York 10003.

21.     Defendant Dal Chon Kim is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Dal Chon Kim is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Dal Chon Kim possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Dal Chon Kim determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22.     Defendant Ailian Wu is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Ailian Wu is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Ailian Wu possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Ailian Wu determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

5

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate a full service dry cleaner/laundromat located in the Gramercy Park section of Manhattan.

24.      Individual Defendants Dal Chon Kim and Ailian Wu possess operational control over defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant has possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

27.     Defendants have jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

29.     Upon information and belief, individual Defendants Dal Chon Kim and Ailian Wu operate Defendant corporation as either an alter ego of themselves, and/or fail to operate

Defendant corporation as a legal entity separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant corporation for their own benefit as the sole or majority shareholder(s);

(e)     operating Defendant corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant corporation;

(g)     diminishing and/or transferring assets of Defendant corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and NYLL.

31.     Defendants have had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

32.     In each year from 2009 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprises have been directly engaged in interstate commerce. For example, numerous items that were used in the full service dry cleaner/laundromat on a daily basis were produced outside of the State of New York.

*Individual Plaintiffs*

34.     Plaintiffs are present and former employees of Defendants, primarily employed in performing the duties of ironing and packing clothes, putting together delivery boxes, picking-up and delivering clothes.

35.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Eduardo Mares*

36.     Plaintiff Mares was employed by Defendants from approximately 2001 until on or about July 18, 2015.

37.     At all relevant times, Plaintiff Mares was employed by Defendants to iron clothes.

38.     Plaintiff Mares regularly handled goods in interstate commerce, such as pressing or ironing machines necessary to perform his work that were produced outside of the State of New York.

39.     Plaintiff Mares work duties required neither discretion nor independent judgment.

40.     From approximately September 2009 until on or about July 18, 2015, Plaintiff Mares regularly worked from approximately 7:00 a.m. until on or about 4:00 p.m. Mondays and Tuesdays and from approximately 7:00 a.m. until on or about 3:00 p.m. Wednesdays through Saturdays during the months of March through December (typically 50 hours per week).

41.     From approximately September 2009 until on or about July 18, 2015, Plaintiff Mares regularly worked from approximately 7:00 a.m. until on or about 1:00 p.m. six days a week during the months of January and February (typically 30 hours per week).

42.     Throughout his employment with defendants, Plaintiff Mares was paid his wages in cash.

43.     From approximately September 2009 until on or about February 2011, Plaintiff Mares was paid a fixed salary of $560 per week in cash.

44.     From approximately February 2011 until on or about February 2013, Plaintiff Mares was paid a fixed salary of $580 per week in cash.

45.     From approximately February 2013 until on or about February 2015, Plaintiff Mares was paid a fixed salary of $600 per week in cash.

46.     From approximately February 2015 until on or about July 18, 2015, Plaintiff Mares was paid a fixed salary of $620.00 per week in cash.

47.     Plaintiff Mares' pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

9

48.    In fact, Defendants required Plaintiff Mares to work an additional 30 minutes to 1 hour two days a week and did not pay him for the extra time he worked.

49.    Defendants never provided Plaintiff Mares with any kind of meal or break period of any kind.

50.    Plaintiff Mares was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51.    Defendants did not provide Plaintiff Mares with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

52.    Defendants did not provide Plaintiff Mares with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

53.    Defendants never provided Plaintiff Mares with a written notice, in English and in Spanish (Plaintiff Mares' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Josefina Vargas*

54.    Plaintiff Vargas has been employed by Defendants from approximately July 2007 until the present date.

55.    At all relevant times, Plaintiff Vargas has been employed by Defendants to do packing, picking up and delivering clothes.

56.     Plaintiff Vargas regularly handles goods in interstate commerce, such as detergents and other cleaning agents necessary to perform his work that were produced outside of the State of New York.

57.     Plaintiff Vargas work duties require neither discretion nor independent judgment.

58.     Throughout her employment with Defendants, Plaintiff Vargas has regularly worked in excess of 40 hours per week.

59.     From approximately September 2009 until the present date, Plaintiff Vargas has regularly worked from approximately 7:00 a.m. until on or about 6:30 p.m. Mondays, Tuesdays, Wednesdays, Thursdays and Fridays, and from approximately 8:00 a.m. until or about 7:00 p.m. on Saturdays (typically 68 hours per week).

60.     Throughout her employment with defendants, Plaintiff Vargas has been paid her wages in cash.

61.     From approximately September 2009 until on or about February 2010, Plaintiff Vargas was paid a fixed salary of $370 per week.

62.     From approximately February 2010 until on or about February 2011, Plaintiff Vargas was paid a fixed salary of $380 per week.

63.     From approximately February 2011 until on or about February 2012, Plaintiff Vargas was paid a fixed salary of $400 per week.

64.     From approximately February 2012 until on or about January 2015, Plaintiff Vargas was paid a fixed salary of $420 per week.

65.     From approximately January 2015 until on or about June 2015, Plaintiff Vargas was paid a fixed salary of $460 per week.

11

66.     From approximately July 2015 until the present date, Plaintiff Vargas has been paid a fixed salary of $600 per week.

67.     Plaintiff Vargas' pay has not varied even when she has been required to stay late or work a longer day than her usual schedule.

68.     In fact, Defendants have required Plaintiff Vargas to work an additional 30 minutes to 1 hour past her scheduled departure time five days a week and have not paid her for the extra time she works.

69.     Defendants never have provided Plaintiff Vargas with any kind of meal or break period of any kind.

70.     Plaintiff Vargas has not been required to keep track of her time, nor to her knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflect her actual hours worked.

71.     Instead, in order to get her weekly salary, Defendants require Plaintiff Vargas to sign a document which falsely states that she only works 6 hours a day.

72.     Defendants have not provided Plaintiff Vargas with any document or other statement accounting for her actual hours worked, or setting forth the rate of pay for all of her hours worked.

73.     Defendants never have provided Plaintiff Vargas with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

74.     Defendants never have provided Plaintiff Vargas with a written notice, in English and in Spanish (Plaintiff Vargas's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

75.     Defendants regularly have required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime compensation or spread of hours pay.

76.     At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime or spread of hours compensation, as required by federal and state laws.

77.     Defendants have willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

78.     Instead, defendants have required plaintiffs to sign documents which falsely state that they work fewer hours than those they actually have worked.

79.     In addition, defendants have paid Plaintiffs their wages in cash.

80.     By employing these practices, Defendants have avoided paying Plaintiffs at the minimum wage and overtime rate of time and a half for most or all of their hours worked per week.

81.     Defendants have failed to post required wage and hour posters in the full service dry cleaner/laundromat, and have not provided Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

82.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

83.     Defendants have not provided Plaintiffs, and similarly situated employees, with the wage statements and annual pay notices required by NYLL §§195(1) and 195(3).

84.     Defendants have failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

85.     Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

86.     Plaintiffs bring their FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in their case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

87.     At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper

15

credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

88.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

89.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

91.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

92.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

93.     Defendants have failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94.     Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

95.     Plaintiffs have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

96.      Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

97.      At all times relevant to this action, Defendants have been Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiffs (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

98.      At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

99.      Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

100.     Defendants, in violation of the FLSA, have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

101.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

102.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

103.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

104.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

105.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

106.    Defendants' failure to pay Plaintiffs the minimum wage was willful and without a good faith basis within the meaning of N.Y. Lab. Law § 663.

107.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAWS)

108.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

109.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

110.    Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

111.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

112.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation has been willful and without a good faith basis within the meaning of N.Y. Lab. Law § 663.

113.    Plaintiffs (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

114.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

115.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 142-2.4(a).

116.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) an additional hour's pay for each day Plaintiffs' (and the FLSA Class members) spread of hours exceeded ten hours was willful and without a good faith basis within the meaning of New York Lab. Law § 663.

117.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

118.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

119.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

120.    Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

121.    Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

122.    Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

123.    Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

    (a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

    (b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

    (c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

    (d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

    (e)     Declaring that Defendants' violation of the provisions of the FLSA have been willful as to Plaintiffs (including the prospective collective class members);

    (f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    (g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against

21

wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that the Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

All such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 11, 2015

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____
By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiffs*

23

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 28, 2015

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                 Eduardo Mares

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:             *Eduardo Mares*

Date / Fecha:                  28 de agosto de 2015

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 4, 2015

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Josefina Vargas

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     04 de septiembre de 2015