USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

EDUARDO MARES, et al.,                    :

                    Plaintiffs,           :     15 Civ. 7197 (HBP)

     -against-                            :     OPINION AND
                                                ORDER OF DISMISSAL
DAL CHON KIM, et al.,                     :

                    Defendants.           :

------------------------------------X


          PITMAN, United States Magistrate Judge:


          This matter is before me on the parties' joint applica-

tion to approve the parties' settlement.  The application was

made orally at the conclusion of a settlement conference held on

July 11, 2016.  All parties have consented to my exercising

plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

          This is an action brought by two plaintiffs who for-

merly worked at a dry-cleaning establishment for allegedly unpaid

wages and overtime and spread-of-hours pay brought under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the

New York Labor Law.  Plaintiffs also assert claims based on

defendants' alleged failure to maintain certain records as

required by New York State law.

          Plaintiffs allege that they worked for defendants

pressing garments, preparing garments for delivery and delivering

garments.   Mares claims that he worked, on average, 47 hours per week; Vargas claims that she worked, on average, 68 hours per week.   Mares claims to be owe approximately $50,000 in unpaid wages and overtime; Vargas claims to be owed approximately $137,000 in unpaid wages and overtime.

Defendants vigorously dispute the plaintiffs' claimed hours.   Defendants claim that Mares never worked more than 30 hours per week, was paid far more than the minimum wage and is owed nothing.   Defendants claim that Vargas' claim for unpaid overtime has some validity, but that she is owed no more than $14,000.   Although defendants have some time records, there is no dispute that the records are inaccurate.   In addition to contesting the hours claimed by plaintiffs, defendants also allege that their annual sales did not exceed $500,000 per year during plaintiffs' employment and that they are not, therefore, subject to the FLSA.

The parties have agreed to a total a settlement of $100,000 to be paid in six equal installments over approximately six months, an exchange of general releases and a confession of judgment in favor of plaintiffs to guarantee the installment payments.   27% of the settlement is allocated to Mares; the balance is allocated to Vargas.

2

I held a lengthy settlement conference on July 11, 2016 that was attended by the principals and their counsel.  The parties were able to agree on the terms outlined above at that conference.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed settlement reflects a reasonable compromise over con- tested issues, the court should approve the settle- ment."  Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.).  "Generally, there is a strong presumption in favor of finding a settlement fair, [be- cause] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (inner quotation marks and citations omitted).  "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."  Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982).  The presumption of fairness in this case is bolstered by

3

he caliber the parties' counsel.  All parties are represented by counsel who are known to me to be extremely knowledgeable regarding wage and hour matters and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

The proposed settlement, before deduction of legal fees and costs, provides each plaintiff with approximately 50% of their claimed unpaid wages.  The defendants are no longer in business, and their ability to pay a greater judgment or settlement is uncertain.  Given the general uncertainty of litigation, the fact that plaintiffs' case, at least at this point, is based entirely on plaintiffs' own testimony, defendants' time records (which all parties admit are inaccurate) and the burden of proof that plaintiff bears, the settlement represents a fair and reasonable compromise of plaintiffs' claims.[1]

Accordingly, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs provided that it may be reopened within 45

---

[1]I do not address the fee arrangement between plaintiffs and their counsel because I do not believe I am required to do so under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).  As described in Cheeks, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from over-reaching by the employer.  796 F.3d at 206.  I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

4

days of the date of this Order if the settlement documents are

not executed and the first installment of the settlement amount

($16,666.67) is not paid by that date.   The Clerk of the Court is

requested to mark this matter closed.

Dated:   New York, New York
         July 25, 2016

                                      SO ORDERED


                                      _____
                                      HENRY PITMAN
                                      United States Magistrate Judge

Copies transmitted to:

All Counsel

5